UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JMJ PROPERTIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-1384-MVL-SS** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | |

**ORDER**

PLAINTIFF'S MOTION TO QUASH (Rec. doc. 116)

**DENIED**

      The final pretrial conference is set for April 8, 2010, and the trial with a jury is set for five days beginning on April 26, 2010. The discovery deadline was November 30, 2009. Rec. doc. 60. On February 22, 2010, the District Judge granted the motion of State Farm Fire and Casualty Company ("State Farm"), to supplement its witness and exhibit list. The order states:

> State Farm shall make the newly-added witnesses available for deposition at a mutually convenient date. If Plaintiff feels prejudiced by this ruling, the Court will entertain a motion to continue filed by Plaintiffs.

Rec. doc. 100 at 3.

      On March 2, 2010, JMJ Properties, LLC ("JMJ") filed a rebuttal witness list. Some of the persons on this list are former tenants of the properties at issue. Rec. doc. 105. On March 9, 2010, State Farm noticed the deposition of Cleco Corporation ("Cleco"), pursuant to Fed. R. Civ. P. 30(b)(6), for March 18, 2010. The subpoena served on Cleco seeks documents revealing the identity of the persons who maintained accounts with Cleco at the rental properties during the eight months prior to Hurricane Katrina. Rec. doc. 116 (Exhibit A).

JMJ filed a motion to quash the Cleco deposition. It contends that State Farm should not be permitted to proceed with the Cleco document production and oral deposition because the deadline for completing discovery has expired. Rec. doc. 116. State Farm contends that: (1) JMJ lacks standing to quash a subpoena served on a non-party; and (2) the Cleco discovery was prompted by JMJ's "untimely" rebuttal witness list. Rec. doc. 125. JMJ replies that it listed the former tenants to rebut State Farm's contention that information supplied to State Farm on October 31, 2005 was fraudulent. It contends that it will limit the testimony of these witnesses to rebut State Farm's theory of fraudulent rent rolls, so State Farm has no justification for the Cleco deposition. Rec. doc. 126.

1. Standing.

JMJ has standing to move to quash the Cleco deposition as a violation of the deadline in the scheduling order for completion of discovery.

2. Discovery deadline.

In the typical scheduling order, the deadline for filing witness and exhibit lists is approximately thirty days in advance of the discovery deadline. Rec. doc. 9. This permits for a deposition of a newly-added witness. The District Judge's February 22, 2010 order provided for depositions of State Farm's newly-added witnesses. Rec. doc. 100. Even though JMJ characterizes its March 2, 2010 witness list as a rebuttal list, the same rule for discovery of newly-added witnesses should apply.[1] Further Cleco is not a newly-added witness. State Farm contends that Cleco's documents and testimony are required to corroborate or impeach the testimony of the former tenants, who were newly-added witnesses. In these circumstances, the discovery deadline will not prevent State Farm from proceeding with the Cleco document production and deposition.

---

[1] State Farm contends that JMJ should have reasonably anticipated the necessity for their testimony, so they are not rebuttal witnesses. Rec. doc. 125 at 5.

2

3. <u>Purpose of the Cleco discovery</u>.

State Farm contends that JMJ's newly-added tenant witnesses will provide testimony on the issue of the alleged fraudulent rent rolls and damage to the properties. Rec. doc. 125 at 5. JMJ replies that it will not use the former tenants to testify regarding their observations of damage to their former apartments, and it will limit their testimony to a rebuttal of the fraudulent rent roll claim. There is no stipulation on the scope of the testimony of the former tenants. State Farm will be permitted to proceed with the Cleco discovery.

4. <u>Exclude the Cleco evidence</u>.

This ruling applies only to the discovery of the Cleco documents and testimony and is without prejudice to JMJ's right to move to exclude the Cleco evidence for any reason.

IT IS ORDERED that JMJ's to quash (Rec. doc. 116) is DENIED.

New Orleans, Louisiana, this 17th March, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**